IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERNELL JEFFERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | )  Case No. 11-CV-190-GKF-TLW |
| and THERESA ANN BEALL, individually | ) |
| and in her official capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**OPINION AND ORDER**

Before the court are the Motion to Dismiss and Motion for Summary Judgment [Dkt. ##8, 9] filed by defendants Dollar General Corporation ("Dollar General") and Theresa Ann Beall ("Beall").

In his Amended Complaint [Dkt. #4], plaintiff Vernell Jeffers, Jr. ("Jeffers"), acting pro se, states this action is brought pursuant to 42 U.S.C. § 1983 (the "Civil Rights Act"), and alleges jurisdiction under 28 U.S.C. §§ 1331 (federal question jurisdiction) and § 1343(a)(3) (civil rights jurisdiction). Additionally, he invokes pendent jurisdiction of the court to decide claims arising under state law.

Jeffers alleges he was arrested on January 3, 1989, at a Dollar General Store in Tulsa, Oklahoma, by a Dollar General security officer, charged with armed robbery, booked into the Tulsa County Jail and detained for two weeks. Ultimately, the charges against him were dismissed.

Plaintiff asserts claims against Dollar General and its employee for violation of his Fourth and Fourteenth Amendment rights against unreasonable search and seizure, and common law claims of negligence, illegal arrest and malicious prosecution.

Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and alternative motion for summary judgment, asserting the negligence and false arrest claims are barred by applicable statutes of limitation and the malicious prosecution claim is precluded because plaintiff did not prevail on the criminal charges brought against him in state court.

Neither party challenged the court's jurisdiction of this case.  However, because federal courts are courts of limited jurisdiction, the court is under an independent obligation to examine its own jurisdiction.  *Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1274 (10th Cir. 2001) (citing *Skrzypczak v. Kauger,* 92 F.3d 1050, 1052 (10th Cir. 1996)).  The allegations of the Amended Complaint, on their face, raise the question of whether subject matter jurisdiction exists.

The Civil Rights Act provides a cause of action against any person who "under color of any statute, ordinance, regulation, custom, or usage of any State…" deprives an individual of his constitutional rights.  42 U.S.C. § 1983.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999).  Thus, private actors generally cannot be held liable under § 1983.  *Draeger v. Grand Central, Inc.,* 504 F.2d 142, 146 (10th Cir. 1974). Rather, "the aggrieved person must look to common law actions for relief." *Id.*  The Amended Complaint therefore fails to state a cognizable claim for a § 1983 action.

Plaintiff *has* asserted common law claims for negligence, false arrest and malicious prosecution. However, the court's jurisdiction is premised solely on the alleged § 1983 violation. Since plaintiff's complaint fails to assert a viable § 1983 claim, this court lacks jurisdiction over the common law claims.

Therefore, this action is dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Defendant's Motion to Dismiss and alternative Motion for Summary Judgment [Dkt. ##8-9] are moot.

ENTERED this 14th day of February, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma